Good evening, I'm five-four-five. Steven Bergauer of the trustee of Margaret Bergauer, Reverend Kolejko, and Tom and Reverend Hanauer, v. Margaret Bergauer's affiliate, by James Sternberg. Good afternoon. Good afternoon. My name is Tom Kolejko, and I'm here to support the proposed counsel. We're here today asking that the court reverse the lower court's ruling of sustaining an objection to jurisdiction and granting a motion to dismiss the case. There are three defendants, naming Margaret Bergauer, the Steven Bergauer's mother. James Bergauer is the other defendant, and James Sternberg is the other defendant. We're here today to address jurisdiction. With respect to MIS consulting, I just want to put that away first because I think it's the easiest thing to address. It's no more corporation. I believe that there's no authority that's been cited. I haven't been able to find any authority indicating that the trial court could use the word may to interpret it to be discretionary. This is an appended jurisdiction in federal court. Perhaps there was some confusion. However, our position is that an Illinois court may be sued in Illinois, or an Illinois corporation with a registered office in Bloomington can be sued in Illinois. Moving away from that to defendant James Bergauer. Defendant James Bergauer has not lived in Illinois since 1999. There's some confusion in the record about that, though. There's some discussion that he actually was living in Bloomington in 2000 or something. Are you familiar with that? I believe that there is some evidence in the record that he had a divorce case in Bloomington. What year was that? 2003, I believe. So he was in the state to conduct that kind of business. That would be correct, Your Honor. Now, the question becomes, again, I don't know. This was actually Mr. Obey's case. He passed away. Oh, I'm sorry to hear that. I'm handling it for him. Well, I don't want to derail your happiness. No, I understand. I believe that there are some records in the divorce case that show that he had a registered address where he was receiving proof of service in Illinois. That might have been where the confusion was. But he had divorce cases in 2003, a divorce case. According to his affidavit, I believe it says that he did not live in Illinois. He hasn't lived in Illinois since 1999. He lived in Florida up until a point in time when he moved in 2005 or 2015, I can't remember, I'm sorry, to Las Vegas, Nevada. But the whole time, he's been the president of MIS Consulting, which is registered in Illinois Corporation with a registered office address in Bloomington. And he even continues to this day to be a registered agent with an address in Bloomington. I just checked his report, arguing on the Secretary of State's website, which the court can take additional notice of based on the citations that we put in that brief. And Mr. James Bergauer received from 2011, and we've set forth the checks, upwards of hundreds of thousands of dollars from a trust, the Margaret Bergauer Revocable Living Trust over the course of a few years. And the checks were issued to him in blank, payable in whatever amount he said. It was just she signed a check, he filled out payable to and how much. And some of those checks were given to MIS Consulting, his business. Some of those checks were given to him personally. And our position is that from 2011 to 2013, there's no debate that Margaret Bergauer, and there are checks totaling over $100,000 to MIS and James Bergauer between 2011 and 2013, Margaret Bergauer was living in Illinois. So the trust was being administered where she was living in Illinois. And he was getting this money after arguably she had lost the capacity to manage her financial affairs. So he was in contact with somebody an Illinois resident about funds that were from a trust administered in Illinois for at least those two years. At least those two years. And that alone should be the minimum contacts necessary. A, from a business perspective, and B, from a contacts perspective, such that you meet the long-arm statute and you comport with due process. He's not surprised they nailed him to court in Illinois. Neither is Margaret Bergauer. I'll note that Stephen Bergauer, who was the son who was empowered as the power of attorney and empowered himself as successor trustee after the two of them agreed that she was unable to handle her financial affairs, he took steps to preserve her trust and freeze her accounts so that she couldn't just keep blowing money, honestly, hemorrhaging money to her son in MIS Consulting. And when he did that, and this is very telling about how the thought process for Margaret Bergauer, what did she do? In her affidavit, it explains it, and I believe they're responsive brief. She called the Illinois Department of Securities. She called the banks in Illinois. And that right there tells you where she thinks this should be held. It's only after her son, who is trying to maintain the corpus of the trust and protect her in her older years, takes steps to access the Illinois courts that, well, no, no, she's old. Her age and inconvenience or convenience is not a condition of jurisdiction. Now, form nonconvenience, that may be a different argument for a different day. That's not why we're here. Many different arguments for a different day, not why we're here. It's just jurisdictional. And so that's MIS Consulting and James Bergauer. And then with respect to Margaret Bergauer, again, at least from 2011 to 2013, she was the trustee and the beneficiary of a trust administered in Illinois. So our position is that I cited some cases with not a lot of case law. I'm just going to back you up a little bit. On Valentine's Day of 2017 is when Margaret learned from Morgan Stanley, and I presume that correspondence came from Illinois, to Margaret saying your accounts have been frozen. That's when she contacted Illinois. And February 14th of 2017 is when she started making efforts to get her accounts unfrozen, is what, 45 days before the complaint is filed on April 3rd of 2017. If that's the record, I apologize, but I would defer to the record in terms of the deadline. So within just a few weeks of the complaint being filed, she's fighting some of the things that happened in Illinois. And again, there isn't a lot of case law on this very area. I found two cases that are at least partially on point, and I cited them in there. With respect to the War case, we'll start with the Defiglio matter. It was a divorce case where the husband's attorney, in fact, took proceeds from the sale of a business and left with them. And the court in the Defiglio matter said that where the defendant makes trips to Illinois, obtains communication with Illinois residents, the minimum contact requirement is satisfied. And Illinois has a manifest interest in providing its residents with a convenient form for redressing injuries allegedly inflicted by out-of-state actors. And then in the Woollard case, the Woollard case really stood for one proposition that I at least hung my hat on, that personal jurisdiction was found where a non-resident was formerly an Illinois resident at the time she received proceeds of the sale. There was a trust and an accounting action. A nephew sued an uncle and won. And in proceeding on supplementary proceedings, the uncle had transferred millions of dollars to his wife, claiming that it was because the doctor told him that his health issues were bad. There was a deposition that the court took notice of. It's a federal case applying Illinois law. But they said that the deposition went from respectful to acrimonious very quickly. And it seemed like there was an obstinate defendant, the uncle. And the court said that there is jurisdiction where you were an Illinois resident, you received proceeds, and then you left the state. Not as directly on point as the DeFiglio matter, but I still believe that it's that, particularly given the context I've cited in the briefs. And I guess I would go to the easiest way for me to do this is just to hit each point under the long-arm statute. I'll note that one other basis for jurisdiction under the long-arm statute is the making or performance of any contract or promise substantially connected with the state. There was the 2008 Montessori-Nope line of credit agreement. And that was for money coming out of the trust. Now, in 2008, Arthur Bergauer lived in Illinois. So that would have been based on assets substantially connected with the state of Illinois. And at that time, she would have been administering the trust to herself. That Montessori-Nope was due to be paid off in December of 2017. So it's not as if the debt was going to be extinguished before the lawsuit had been filed. With respect to James Bergauer, he also has land in Lake County, I believe in Lake Villa, Illinois. And for 2009, 10, and 11, property taxes were paid by, it's alleged that they were paid by Margaret Bergauer out of the trust proceeds. So while it may seem tangential at first glance, why are we talking about property in Lake Villa? But the truth is that it is relevant because the property taxes were paid for money out of the trust, which in 2009 and 10 and 11 would have been administered in Illinois. So that's another basis. And really, we only have to find one. We don't have to find all of them. I'm just pointing out multiple. Then the making or performance of any contract was finally substantially connected with the state. That, again, goes back to the Montessori-Nope and the line of credit agreement. Performance of any duties as a director or officer of a corporation. We've already established that he's the registered agent and president of an Illinois corporation with a registered office in Bloomington. And that was for James. And I think, honestly, I think that that establishes all of the points for jurisdiction. I will note that it was argued that we waived certain arguments in the appellate briefs. However, I don't believe that was the case. I believe that if you read the complaint, which is actually fairly detailed, and you resolve it with all reasonable inferences drawn in favor of the non-moving party, which was us, we actually did set forth enough information to establish jurisdiction on most all of the grounds that I've been discussing. In any event, this isn't a situation where the argument was first raised on appeal. All of the arguments that are coming before your honors were brought in the trial court. So our position is that jurisdiction is clear in Illinois. If there are other issues that the opposing party wishes to address with respect to form nonconvenience or venue or anything like that, that is a fight for a different day. Here, we're just addressing jurisdiction. And there was no basis to grant or sustain the objection in jurisdiction. Thank you very much. If you have any questions, I'll be happy to answer them. Thank you. I would like to structure my argument around the three statutes that the plaintiff cites to show that the plaintiff has personal jurisdiction and circumcised jurisdiction under his dependence. The first, of course, is the Lawman Statute. This gives personal jurisdiction over a non-president if that person transacts business in Illinois, often called specific jurisdiction. It also gives jurisdiction if the person is doing business in Illinois, often called general jurisdiction. For specific jurisdiction to lie, personal jurisdiction must be based upon the act that gave rise to the claim, for example, the automobile accident occurring in Illinois or the purchase or sale of real estate in Illinois. Whether the plaintiff chooses to proceed under either specific or general jurisdiction, the plaintiff must report the due process cost of both the United States Constitution and the Illinois Constitution. It must show that the defendant engaged in actions such that he should have anticipated being sued in Illinois, of course, or that he took advantage of Illinois Law in such a way as to inform him that he could be the subject of a suit in Illinois. It is the nature and quality of the defendant's conduct that determines whether due process has been met. To comport with due process, the plaintiff must plead and prove that the defendant had reason to The plaintiff has not done it. The parties seeking to establish jurisdiction over non-resident have the burden of proof both on the issue of the requirements of law and jurisdiction and on the requirements of the due process cost. The plaintiff must plead ultimate facts which, if proven, would show the existence of personal jurisdiction. If the defendant introduces a miscellaneous in the form of documents or sworn testimony that will themselves introduce evidence, the miscellaneous would contradict the evidence offered by the defendant. The plaintiff must prove this case by the promise of the evidence. In the present cause, there is firmly a question that Margaret Borgauer is no longer a resident of Illinois and that she has not been a resident since 2013. There is no evidence offered by the plaintiff to overcome Margaret's sworn testimony and documents that she moved to Florida in October of 2013 and moved to Nevada in December of 2016. The plaintiff alleges personal jurisdiction over Margaret because she has created a trust and a power of attorney in Illinois when she was domiciled in Illinois and she has done business with the defendant's mortgage-paying agency bank in the state of Illinois. With regard to the creation of a trust and a power of attorney, these are simply not true. When doing a business application, there is no object suggestion that Margaret has regularly availed herself of the privilege of conducting or doing or transacting business in Illinois. Didn't she sell a home in Illinois in 2013? She did. She had been living in Florida for several years. That's right. She still owned property. Judge, I believe she sold it in 2013 when she moved. There is a trust and a power of attorney system. You're right. She moved in October. But she left these accounts at the PNC Bank for Morgan Stanley Counseling. Those were still being serviced in Illinois, correct? They were at the time of these actions. That is correct. She still had counsel, Morgan Stanley and McKinsey. And there's hundreds of checks that she wrote up through 2016 to MIS, which is an Illinois corporation. That is correct. With regard to the checks, Morgan Stanley and PNC are nationwide financial institutions. But MIS is an Illinois corporation, a registered agent in Illinois. That is correct. With regard to MIS, the cause of action does not arise out of MIS' business or anything that it did in Illinois. What is alleged is that a check was written someplace, we don't know where, maybe in Nevada, and it went to James or to MIS Consulting. And from that, the plaintiff believes that those two individuals, those  For example, Morgan is now living in Las Vegas. If she went to a grocery store and bought groceries and paid the grocery with a check drawn at the PNC Bank in Illinois, according to the plaintiff's argument, that would make that grocery subject to the jurisdiction of Illinois Courts. And that is not in conforming to the Longer Statute or the due process clause. With regard to Morgan, there's no obligation that she operates a business in Illinois or operates a business with Illinois corporations. The only connection is through PNC Bank or Morgan Stanley. Now, it may be that the plaintiff says we can pledge transactional jurisdiction for Morgan through these actions. The only thing we know is that checks were issued someplace, probably out of state, passed through Morgan Stanley or PNC in Illinois. And again, as I pointed out, these are nationwide corporations. You can write a check anyplace. They're all checked anyplace. You pass through an Illinois bank. But for Morgan Stanley, when she contacts them and says, you know, you are not authorized to honor the power of attorney, I am not disabled. Could she have done that just by contacting a Morgan Stanley in Las Vegas or would they have referred her to the institution that was managing the funds? The allegations that she contacted the Morgan Stanley, the Peoria branch of Morgan Stanley, ended up unfrozen temporarily. Well, again, we're limited to what's in the allegations and the tips. I think it is true that sometime she went through the Morgan Stanley branch in Peoria and the PNC branch in Peoria. I think that's right. They may still be registered there. But again, that is a matter of convenience in the sense that she could have gone through any, she could have processed these checks from any place in the world and they would go through the PNC bank in Illinois or Morgan Stanley in Illinois and that by itself could not confer jurisdiction on an Illinois court over her. Now their response... Those accounts are trust accounts, right, which are not because they require the power of direction and they have to be directed. I understand what you're saying, that it's a nationwide corporation, but I also think that she created the trust in Illinois and that these branches are the managing branches and it would seem that she didn't choose to transfer them when she moved to Las Vegas, so she did make some knowing action or inaction to leave them in Illinois. According to what we have, and the best thing is that you're right, she left these accounts in Peoria branches. So far as the creation of trust, that does not confer jurisdiction. The Long Arm Statute doesn't say it does. What the Long Arm Statute says is the administration of the trust in Illinois. Location of the trustees, location of the beneficiaries and so on. All that now is outside of the state of Illinois. Even Mr. Stevenberg himself is Florida. It is true that all these folks want to live in Illinois. That's true, but they've all gone their separate ways. They're often Florida or Nevada. So her, as the trustee, what you're saying is that the trust and the transacting business on behalf of the trust follows the trustee. Follows the trustee or the beneficiary, that's the law. Either of the two, that's what you look for. The beneficiary or the trustee. And both of those arguments are just not in the law, that's understated. Now in regard to breaches to do shared duty, which is another allegation against Margaret. Supposedly Margaret gave too much money to James and to MIS in relation to the assets of the trust. Now this is a self-created trust. She's the sole remaining beneficiary. And she's not doing lawful act to herself. She has to look right at all the money in this trust. The checks that are issued, there are subsequent breaches to the trust. The ownership of interest in the trust administratively in the state does not have anything. The trust is located where the trust is business or where the trustee is provided or the beneficiary is provided. All those are outside the state of Illinois. Now in regard to James Burghardt, the claim alleges that he received money from PNC Bank in Illinois for the benefit of himself and his corporation. But again, as I pointed out, if somebody sitting in Florida or Nevada crosses a check to an Illinois corporation, that does not make him subject to Illinois jurisdiction. That would be the example of the grocery in Las Vegas. Simply accepting money and running it through PNC Bank in Illinois does not make him subject to the circuit court here in the county. A plaintiff notes James' divorce proceedings in McLean County. Again, those do not give rise to this cause of action. We're not arguing about James' divorce. We're arguing about something separate. And the transaction in business is a criterion. It is the fact that confers jurisdiction also has to be the source of injury. Now in regard to MIS, counsel says MIS is incorporated in Illinois, which is true. It is true. The Long Island statute says the court may emphasize jurisdiction of an Illinois corporation. And of course we emphasize that may. Counsel says there's no authority from the federal court on this issue and I think that's right. I have not found one. Counsel hasn't found one. We have to look at the statute. The statute says may, which suggests discretion on the part of the circuit court. In this case, the other two real defendants, not the non-defendants, are not residents of Illinois. And the circuit court finds that this isn't a place to resolve this issue. Wherever it is, somebody has jurisdiction over all three defendants. Now, counsel also cites the statute that defines a person under disability. Is that really relevant here? Well, Judge, the argument is that Margaret is a person under disability, I believe. And therefore, she could not This isn't a guardianship proceeding? Nobody's trying to appoint a guardian for her? Judge, I agree with you. That's my point. What I'm asking is if counsel wanted to find that Margaret was incompetent, as you found, he should go through the Probate Act. There's a very elaborate procedure in the Probate Act defining the person The declaratory action is just to figure out the relationship of Exhibit 1, the revocable living trust that is still in effect, I presume subject to Illinois law, drafted in 1987. Exhibit 2, the amendment to that living trust that was made when she was living in Illinois, I presume, subject to the laws of Illinois. Exhibit 3, which is the 1995 power of attorney made when she was living in Illinois. And I think really the declaratory action is just how do these documents interrelate? Judge, this is not proper action for declaratory treatment. The plaintiff isn't seeking to declare the rights of the parties in these documents, because indeed he claims two of them are fraudulent. The commissary knows he says they're fraudulent, and likewise the group who paid the checks. He's not trying to say the court needs to look at these documents and interpret them. He's saying that two of them are fraudulent and that the court therefore should find another document. I'm just going to read the prayer for relief. Wherefore, Stephen respectfully prays for the entry of an order awarding judgment in his favor in declaring the relative rights between the parties, as aforesaid, in adjudicating the parties which have control as a legal matter over the assets of the trust, and PNC Bank, Morgan Stanley, adjudicating that Plaintiff Stephen is the successor trustee with authority to control the assets in Peoria. He's not asking the court to set aside fraudulent transactions or declare that Margaret is incompetent. He just wants a declaration whether he is or is not authorized to conduct her business. The judge is seeking the plaintiff in order to get relief He seeks. He has to allege that Margaret is incompetent and all these transactions were wrongful. And he has alleged that. There were tortious acts. They give rise to jurisdiction and all that for that reason. And he's attempting to use the explanatory judgment action to carry out that belief, which is not proper. He's really not seeking to have the court interpret the documents and say this means this and this means that. He's saying that Margaret is incompetent and therefore these transactions, these payments, these supposed loans, these fraudulent loans really shouldn't have occurred. They're wrongful and I want a finding from the court that they are wrongful and therefore I want control of Margaret's assets. What he's trying to do is do something that should have proceeded under the Probate Act for finding the competence. And as far as the documents, I don't interpret this perfectly for saying he just wants the court to interpret the documents. He wants to say there's something going on that isn't present in the documents. There's some kind of misconduct. Something like a conspiracy. Wrongful actions. Well once the jurisdictional issue is settled then I suppose that will all be litigated with motions to strike, the pleadings, etc. Of course there could be other issues. I mention this because I think that there's a suggestion that these things give rise to personal jurisdiction because of a tortious act a fraudulent act, therefore this court has jurisdiction over the people who engage in that fraudulent act. And that's what we're disputing. In fact they have alleged that adequately. And that these individuals can be held in Illinois based upon these allegations. I think that's all I have to say. Thank you for your teaching. Thank you Mr. Schreiner. Thank you. Briefly I'll just make a few points. At the time the events occurred, at least from when she was the trustee and the beneficiary of the trust. Further, to equate one check written to a grocery store in Las Vegas and say that it's the equivalent of hundreds of checks that flowed from the trust to MIS Consulting or James Bergauer is a non sequitur. Further, I believe that with respect to the disability, the definition of disability under the probate act, it probably isn't relevant in terms of the claim. The reason that I, and to some extent in understanding, based on my understanding of what Dan O'Dea would have been trying to do, is to merely show that Mr. Bergauer, Stephen Bergauer's assessment of her mental state was at least consistent with what we would be looking for in court. The trust documents don't say who is to determine whether she is refused, unwilling, or incapable of managing her own affairs. I presume that's the whole point of this lawsuit. Can Stephen decide it? Is there probate action that's required first? Can Margaret declare herself to be competent? Right, and I believe on multiple occasions it was alleged in the complaint, on multiple occasions, I believe it was at least in one paragraph of the complaint, but also exhaustively briefed at the lower level in response to the objection to jurisdiction and then attached affidavits. Back in 2003, she said that she was unable to handle her financial affairs, and again, in a discussion between Stephen and her in December of 2016, I believe, again she said, I'm unable to handle my financial affairs. And that, at that point, has been Mr. Bergauer's charge. And then with respect to the declaration, or declaratory judgment action, I believe that Your Honor captured it in reading the prayer for relief. We are just seeking a declaration. There is some additional language in the prayer that may not be appropriate in a declaratory action, but the thrust of the prayer for relief just says help me construe these documents. Correct. And just like I was saying with respect to home non-convenience or venue, that's another battle for another day and another motion before Justice John Trautler. Thank you very much. If you have any questions, I'm willing to answer them. Thank you. Thank you very much. Thank you both, Your Honor. I appreciate this matter and your advisement.